UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, and the STATES OF ARKANSAS, CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, LOUISIANA, MASSACHUSETTS, MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VIRGINIA, WISCONSIN, and the DISTRICT OF COLUMBIA ex rel. LOYD F. SCHMUCKLEY, JR., <br><br> Plaintiffs, <br><br> v. <br><br> WALGREEN CO. dba WALGREENS, <br><br> Defendant. | No. 2:17-cv-0673 KJM CKD <br><br> ORDER |

In its prior order unsealing the complaint and notice of intervention in this case, the court explained "all other previously filed contents of the Court's file in this action remain under seal and [shall] not be made public, or served upon defendant, pending further order of the Court." ECF No. 54. The court here revisits whether to unseal the balance of the docket in this case.

1

Generally, "lifting the seal on the entire record is appropriate unless the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *U.S. ex rel. Lee v. Horizon Wests, Inc.*, No. C 00-2921 SBA, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.*; *see United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995). "The Qui Tam statute evinces no specific intent to permit or deny disclosure of in camera material as a case proceeds." *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994). "[T]he statute necessarily invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* at 23. The court should also consider the public's interest because court records are generally open to the public. *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1191 (N.D. Cal. 1997).

The State of California's request to keep the balance of the docket under seal provides minimal explanation. ECF No. 49. In particular, the State of California has not provided an explanation of how disclosure of all the materials in the case file would be harmful. Such harm is not clear from the court's review of the file either. The State of California has not suggested any governmental privilege exists, or pointed to any harm to ongoing investigations. *See United States ex rel. Lee*, 2006 WL 305966, at *3.

Given the general nature of these documents, the court tentatively finds it unnecessary for any part of the case to remain sealed. Within fourteen (14) days of this order, any party may SHOW CAUSE, if any there is, as to why the balance of the documents of record in this action should not be unsealed.

IT IS SO ORDERED.

DATED: May 15, 2017.

_____
UNITED STATES DISTRICT JUDGE